[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Lewis Lizotte, applies for prejudgment remedy under General Statutes § 52-278b ff in this breach of contract and unjust enrichment case against the defendants, Frank and Adrienne Lomangino. Because only Frank Lomangino played an active role in this case, this memorandum refers to him as the defendant. On September 10, 2001, the court held an evidentiary hearing on this application and finds the following facts.
During the fall of 1998, the plaintiff and the defendant discussed embarking on a joint venture whereby the defendant would contribute a parcel of land and cash and the plaintiff would contribute time, labor, expertise, equipment, and cash to construct homes in a subdivision known as Somers Place Phase II, located in Somers, Connecticut. The parties had successfully and amicably worked together in other projects including the construction of roads for this subdivision. After numerous draft agreements were drawn, in April 1999, the parties reached an oral agreement that the plaintiff would build a model home on lot #25 of the subdivision.
In May 1999, the foundation and framing work were completed even though a written contract was still being negotiated. The plaintiff completed the construction of the model home on schedule, and, on June 12, 1999, an open house was held. On June 16, 1999, the parties signed a written agreement to build the model home which had already been built and finished four days earlier. CT Page 13431
The after-the-fact contract specified that the defendant would contribute lot #25, worth $70,000, and $140,000 in cash toward construction costs. The plaintiff was obligated to contribute time, labor, expertise, and the equipment necessary to erect the home. If construction costs exceeded the $140,000 supplied by the defendant, the parties would equally share the overrun. The parties were to be repaid for their cash contributions, plus nine percent per annum interest, out of the proceeds when the model home was sold. The parties further agreed that the total construction cost be capped at $220,000 despite the fact that the actual costs had already surpassed that figure. Any net profits after sale would be split equally. Net profits were defined to be gross sales price less the cash contributions of the parties; construction costs; certain property taxes; closing costs, including realtor and attorney's fees and adjustments; and any administrative application and licensing fees.
The defendant and plaintiff made cash contributions of $175,000 and $39,700, respectively. However, lumber supply bills in the amount of $39,014.15 plus eighteen percent per annum interest from April 2000 are unpaid and owing.
On December 11, 2000, the home sold for $352,000. The defendant has never paid the defendant for his cash contribution, the outstanding lumber bills, and his one-half share of the net proceeds. The defendant claims a set-off for the conversion of topsoil that was excavated for the construction of the road in the subdivision. No evidence supporting any other set-off, counterclaim, or defense was adduced at the hearing.
Pursuant to General Statutes § 52-278d, after a consideration of the facts, the court determines that the plaintiff has shown probable cause to believe that a judgment will be rendered in his favor in an amount calculated as follows. Under the contract, the plaintiff is owed $39,700 plus nine per cent per annum interest since July 1, 1999 for his cash contribution to the construction of the model home. He is owed around $25,000 representing one-half of the outstanding lumber bills of $39,714 plus eighteen percent interest per annum since April 1999. He is further owed $33,400 as one-half of the net profit from the sale of the home computed under the contract formula as follows:
 Gross sales price $352,000 less defendant's cash contribution 175,000 less the plaintiff's cash contribution 39,700 less the outstanding lumber bills 50,000 less closing costs 20,477
Net proceeds 66,823 CT Page 13432 Plaintiff's one-half share $ 33,400
Consequently the court grants a prejudgment remedy in the amount of $100,000. The court concludes that no set-offs, counterclaims, or defenses exist to diminish the sum described above. Under section A.1.c. of the road construction contract, dated December 28, 1998, any topsoil not required for construction purposes became the property of the plaintiff
Sferrazza, J.